J-S04019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERNEST H. PRIOVOLOS | |
| Appellant | No. 2162 EDA 2016 |

Appeal from the PCRA Order June 14, 2016
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0000603-1989

BEFORE:  SHOGAN, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 22, 2017**

Ernest H. Priovolos appeals *pro se* from the order entered June 14, 2016, in the Court of Common Pleas of Montgomery County that dismissed without a hearing his fifth petition filed pursuant to the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546.  Priovolos seeks relief from the judgment of sentence of 12 to 27 years' imprisonment imposed on January 28, **1991**.[1]  Priovolos contends the PCRA court erred in

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Priovolos averred in his 2013 PCRA petition that he was serving a sentence of parole.  Priovolos's PCRA Petition, 10/29/2013, at ¶ 73.  It appears that the maximum date of Priovolos's sentence is March 5, 2017.  ***See Priovolos v. Dep't of Corr.***, No. 1:16-CV-01999, 2016 U.S. Dist. LEXIS 175417 (M.D. Pa. Dec. 19, 2016).

finding that his PCRA petition was untimely.[2]  Based upon the following, we

affirm.

The PCRA court summarized the background of this case, as follows:

1.  On January 19, 1990, [Priovolos] was convicted of third degree
    murder and related offenses arising from the death of Cheryl Succa.

2.  On January 28, 1991, the trial judge sentenced [Priovolos] to an
    aggregate term of 12-27 years in prison.

3.  [Priovolos] filed a counseled direct appeal raising trial counsel's
    ineffectiveness.

4.  The Superior Court of Pennsylvania affirmed the judgment of
    sentence and the Supreme Court of Pennsylvania denied [Priovolos's]
    counseled petition for allowance of appeal on November 20, 1992.
    [**Commonwealth v. Priovolos**, 609 A.2d 585 (Pa. Super. 1992)
    (unpublished memorandum), *appeal denied*, 617 A.2d 1273 (1992).]

---

[2] Specifically, Priovolos asserts the PCRA court erred "in finding that [the]
petition for post conviction relief did not meet the exceptions to the time
bar, and [Priovolos's] claims of newly discovered DNA evidence which now
proves his innocen[ce]."  Priovolos' Brief at 2.  In addition, Priovolos raises
the following claims in his brief:

> Did the [PCRA] court err in failing to hold an evidentiary hearing
> with respect to his continuation [of] DNA hearing on January 27,
> 2007, issued by Judge Drayer?

> Did the [PCRA] court err in failing to grant relief on [Priovolos's]
> claim that his prior counsel was ineffective for failing to move on
> a motion for rehearing after his prior counsel's demise?

*Id.* at 1–2.  In his reply brief, Priovolos raises the following question:  "Did
[the] PCRA court fail to pend subsequent litigation PCRA, when considering
there is pending DNA litigation that was already on file as of October 2003
which has not been resolved to date[.]"  Priovolos' Reply Brief at 3
(unnumbered).

5. Petitioner did not pursue an appeal to the United States Supreme Court, hence his judgment of sentence became final 90 days after the Supreme Court denied his petition for allowance of appeal, February 20, 1993.

6. On October 18, 1993, [Priovolos] filed, *pro se*, a petition for relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. The PCRA judge denied relief after court-appointed counsel filed a no-merit letter and a petition to withdraw from the case, and that decision was upheld on appeal to the Supreme Court of Pennsylvania. [***Commonwealth v. Priovolos***, 715 A.2d 420 (Pa. 1998)].

7. On March 9, 1999, [Priovolos] filed an application styled as a "Petition for *Nunc Pro Tunc* Re-Hearing of the May 31, 1994 Evidence Hearing," which was deemed to have been his second PCRA petition. At that time the case had been reassigned to the Honorable Judge Calvin S. Drayer. Judge Drayer denied the PCRA petition as untimely. The Superior Court affirmed the order. [***Commonwealth v. Priovolos***, 746 A.2d 621 (Pa. Super. 2000), *appeal denied*, 758 A.2d 1198 (Pa. 2000).]

8. On April 9, 2012, [Priovolos], represented by private counsel, Francis John Genovese, Esquire, filed another PCRA petition, his third. By that time, Judge Drayer had assumed Senior Judge status, so the case was reassigned to the Honorable Judge Emmanuel A. Bertin. Judge Bertin denied the third PCRA petition and [Priovolos] retained Mr. Genovese to appeal that order. That appeal was indexed at docket no. 72 EDA 2013. Mr. Genovese perfected the appeal, filing a timely appellate brief in the process, but the Superior Court affirmed Judge Bertin's order. [***Commonwealth v. Priovolos***, 83 A.3d 1069 (Pa. Super. 2013) (unpublished memorandum)].

9. While the appeal regarding the third PCRA petition was still pending before the Superior Court, Mr. Genovese acquired a new report from an expert witness on the subject of DNA evidence. On March 19, 2013, Mr. Genovese filed another PCRA petition, [Priovolos's] fourth, based on the new DNA report.

10. At the time, March 19, 2013, the appeal from the denial of the third petition, indexed at docket no. 72 EDA 2013, remained pending. Mr. Genovese did not wait for disposition of that appeal before filing the fourth PCRA petition because he wanted to file it within sixty days after having received the DNA report.

11. Judge Bertin denied the fourth PCRA petition on the authority of **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000) (establishing earliest time a PCRA petitioner may file a PCRA petition). Mr. Genovese appealed the order on behalf of [Priovolos], which appeal was indexed at docket no. 1778 EDA 2013. After doing so, Mr. Genovese met with [Priovolos] and advised him that he would not file a brief or otherwise litigate the appeal. The Superior Court dismissed the appeal on October 4, 2013, based on the failure to file a brief.

12. Mr. Genovese filed a fifth PCRA petition[3] on [Priovolos's] behalf on October 29, 2013, after the Superior Court had disposed of the appeals indexed at docket nos. 72 EDA 2013 and 1778 EDA 2013. The claim for relief in the fifth petition is based on the same facts and legal theory as the fourth. For nearly a year, no activity on the record took place in the case.

13. On September 9, 2014, [Priovolos], acting *pro se*, filed an application for relief that Judge Bertin deemed his sixth PCRA petition. On September 19, 2014, [Priovolos] filed another *pro se* document, in the form of a letter dated September 4, 2014, addressed to Judge Drayer. The letter was forwarded to Judge Bertin, who deemed it to be [Priovolos's] seventh PCRA petition.

14. Judge Bertin ordered the Commonwealth to answer the the sixth and seventh PCRA petitions, and on the day before he retired he denied them. [Priovolos] filed a timely notice of appeal, which was indexed at docket no. 243 EDA 2015.

15. The appeal indexed at docket no. 243 EDA 2015 was rotated to the undersigned judge for the filing of an opinion and other ancillary matters. The appeal was discontinued August 12, 2015, by leave of the Superior Court of Pennsylvania upon application by Andrew F. Schneider, Esquire, who had entered his appearance on behalf of [Priovolos] while the appeal was pending.

16. At the time that appeal was discontinued, the sixth and seventh PCRA petitions had been disposed of, but the fifth PCRA petition had not. When the appeal was discontinued, this court re-acquired jurisdiction to inquire into whether it could exercise jurisdiction to dispose of the fifth PCRA petition.

---

[3] This petition is the petition at issue in the instant appeal.

PCRA Court Order, 1/16/2016, at 1–4 (footnotes omitted).

The PCRA court concluded Priovolos's fifth PCRA petition was untimely, and advised Priovolos of its intent to dismiss the PCRA petition without a hearing, pursuant to Rule 907. **See** PCRA Court Order, 1/16/2016. The PCRA court formally dismissed the petition by order dated June 13, 2016, and entered June 14, 2016. This *pro se*[4] appeal followed.

"Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Cox**, 146 A.3d 221, 226 n.9 (Pa. 2016) (citation omitted).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein.

**Commonwealth v. Jones**, 54 A.3d 14, 17 (Pa. 2012) (citations omitted).

A PCRA petition must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Priovolos's judgment of sentence was final on February 20, 1993. **See**

---

[4] On May 2, 2016, following a hearing, the PCRA judge granted Andrew F. Schneider, Esquire, and Francis John Genovese, Esquire, leave to withdraw as counsel for Priovolos.

*Commonwealth v. Priovolos, supra*, 746 A.2d at 625. Therefore, the present petition, filed over ten years later, is manifestly untimely.

However, the PCRA provides that an otherwise untimely petition is not time-barred if a petitioner pleads and proves the applicability of one of three time-for-filing exceptions: (1) interference by government officials, (2) newly discovered evidence, or (3) a newly-recognized constitutional right which had been applied retroactively. *See* 42 Pa.C.S. §§ 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions must be filed "within 60 days of the date the claim could have been presented." *Id.* at § 9545(b)(2). In his petition, Priovolos contends his petition falls within the newly discovered evidence exception. 42 Pa.C.S. § 9545(b)(1)(ii). *See* Priovolos's PCRA Petition, 10/29/2013, at ¶75.[5]

"When considering a claim seeking to invoke section 9545(b)(1)(ii), the petitioner must establish only that (1) the facts upon which the claim was predicated were unknown and (2) they could not have been ascertained

---

[5] In his brief, Priovolos attempts to invoke other PCRA timeliness exceptions. However, "exceptions to the time bar must be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007). Furthermore, to the extent that Priovolos seems to suggest in his brief that his claim falls within the purview of 42 Pa.C.S. § 9543.1 ("Postconviction DNA testing"), which is subject to a relaxed timeliness standard, we agree with the Commonwealth that the instant petition did not seek testing. *See* Commonwealth Brief at 6-7. Therefore, Priovolos's reliance on Section 9543.1 is unavailing.

by the exercise of due diligence." ***Commonwealth v. Cox***, 146 A.3d 221, 227 (Pa. 2016) (citation omitted).

In his fifth petition, Priovolos asserted in March, 2003, while he was still incarcerated, his family had "requested and received copies of the Laboratory Reports prepared by the FBI in the Cheryl Succa Death Investigation, pursuant to the Freedom of Information Act." Priovolos's PCRA Petition, 10/29/2013, at ¶23. He further asserted that during the pendency of his third PCRA petition, he submitted documentation he had obtained "through discovery, prior PCRA proceedings and requests made pursuant to the Commonwealth's Right to Know Law and the Freedom of Information Act to Dr. Monte Miller, of Forensic DNA Experts, in Riverside, California, for review." ***Id.*** at ¶47. Priovolos averred Dr. Miller is "an expert in the fields of DNA testing and analysis." ***Id.*** at ¶48.

According to Priovolos, "[o]n or about February 20, 2013, Dr. Miller issued a report to [Priovolos], setting forth his review and analysis of the information submitted, as well as the conclusions and opinions that he formed as a result." ***Id.*** at 49. Priovolos averred Dr. Miller "focused his review and analysis on the 'forensic work' performed in [Priovolos's] case, most specifically, the work performed by the FBI Laboratory and National Medical Services." ***Id.*** at ¶50. Dr. Miller opined Priovolos "must be excluded as a contributor" of the blood on Cheryl Succa's flannel shirt and vest. ***Id.*** at ¶59. Dr. Miller further noted "[t]his information was available on [sic] the

Nov. 20, 1989 FBI Report and would have been obvious to any person knowledgeable on this subject." *Id.* at ¶60. Priovolos concluded that "he was precluded from presenting [Dr. Miller's e]xpert [t]estimony at trial that would have established a defense[.]" *Id.* at ¶62.

In dismissing Priovolos's petition, the PCRA court pointed out that Priovolos "did not aver that Dr. Miller conducted new testing. Instead he averred that Dr. Miller merely reviewed testing that had been done prior to [Priovolos's] trial and had been available to [Priovolos] since March, 2003." PCRA Order, 1/8/2016, at 5. The PCRA court reasoned:

> [Priovolos] did not plead facts from which a reader may infer that the facts supporting the grounds for relief could not have been obtained earlier despite the exercise of due diligence.
>
> To the contrary, the facts averred in the petition support an inference that [Priovolos] possessed the evidence supporting his new grounds for relief as early as March, 2003.

*Id.* at 6. We find no basis upon which to disturb the decision of the PCRA court.

We agree with the PCRA court that Priovolos's petition does not satisfy the Section 9545(b)(1)(ii) exception. As the PCRA court discussed, Dr. Miller's report was a review of the FBI laboratory report Priovolos allegedly possessed in 2003, and did not involve new testing. The newly discovered evidence exception is *not* focused on newly discovered or newly willing sources for 'facts' that were already known." *Commonwealth v. Marshall*, 947 A.2d 714, 721-22 (Pa. 2008) (emphasis in original). Priovolos has not

alleged or proven any newly discovered facts, but has merely offered another source for facts that were already known to him.

Furthermore, Priovolos failed to demonstrate due diligence, as he had the FBI laboratory report in 2003.[6] **See Cox, supra**, 146 A.3d at 230 ("Due diligence 'does not require perfect vigilance and punctilious care, but merely a showing the party has put forth reasonable effort' to obtain the information upon which a claim is based.").

Accordingly, because the petition is untimely, there is no jurisdiction to review the claims raised therein. Therefore, we affirm the denial of PCRA relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

_____

[6] Priovolos asserted in his PCRA petition that "the Commonwealth did not make [the FBI Laboratory R]eports available to [Priovolos] in discovery." Priovolos's PCRA Petition, 10/29/2013, at ¶24. However, the transcript from Priovolos's trial reflects that trial counsel referenced the FBI analysis during cross examination of Detective Carl Molt. The exchange indicates trial counsel knew the results of the FBI testing. **See** N.T., 1/16/1990, at 584–587. Trial counsel elicited Detective Molt's testimony that the results were "inconclusive." **Id.** at 587.