746 A.2d 621 (2000)
COMMONWEALTH of Pennsylvania, Appellee,
v.
Ernest PRIOVOLOS, Appellant.
Superior Court of Pennsylvania.
Submitted September 20, 1999.
Filed January 27, 2000.
*622 Ernest Priovolos, pro se, appellant.
Mary M. Killinger, Executive Assistant District Attorney, Norristown, for Commonwealth, appellee.
Before HUDOCK, LALLY-GREEN, and TAMILIA, JJ.
LALLY-GREEN, J.:
¶ 1 Appellant Ernest Priovolos appeals from the order entered April 5, 1999, denying Appellant's petition for a nunc pro tunc evidentiary hearing under the Post Conviction Relief Act (PCRA). We affirm.
¶ 2 The procedural history of this case is as follows.[1] On January 19, 1990, Appellant was convicted of third degree murder and related offenses arising from the death of Cheryl Succa. On January 28, 1991, the trial court sentenced Appellant to an aggregate term of 12-27 years in prison. Appellant then filed a counseled direct appeal raising trial counsel's ineffectiveness. The Superior Court affirmed the judgment of sentence. Commonwealth v. Priovolos, 419 Pa.Super. 661, 609 A.2d 585 (1992) (memorandum), appeal denied, 533 Pa. 599, 617 A.2d 1273 (1992). The Supreme Court denied Appellant's petition for allowance of appeal on November 20, 1992.
¶ 3 On October 18, 1993, Appellant filed a pro se PCRA petition. Michael Cassidy, Esq., filed a supplemental PCRA petition.[2] The PCRA court held an evidentiary hearing *623 on May 31, 1994, and denied Appellant's petition on July 11, 1994. After Appellant filed a notice of appeal from the denial of PCRA relief, Attorney Cassidy filed a Finley letter[3] and withdrew from the case. The PCRA court then appointed Thomas J. Short to handle Appellant's PCRA appeal. In this appeal, Appellant argued, inter alia, that Attorney Cassidy was ineffective for failing to call various witnesses at the PCRA hearing. This Court agreed and remanded for a new PCRA hearing. Commonwealth v. Priovolos, 698 A.2d 110 (Pa.Super.1996) (memorandum). On July 23, 1998, following a Commonwealth appeal, our Supreme Court reversed, holding that counsel was not ineffective for failing to call these witnesses. Priovolos, 552 Pa. at 370, 715 A.2d at 423.
¶ 4 On March 9, 1999, Appellant filed a pro se "Petition for a Nunc Pro Tunc Re-Hearing of the May 31, 1994 Evidence Hearing" (hereinafter the "Nunc Pro Tunc Petition"). Docket Entry 200. In this petition, Appellant raised sixteen issues related to the ineffectiveness of all prior counsel. Id. at 4-7. The PCRA court denied this petition on April 5, 1999. Docket Entry 204. This pro se appeal followed.
¶ 5 Appellant's Statement of Questions Involved reads verbatim as follows:

APPELLATE QUESTION PRESENTED
Whether trial court abused it's discretion in failing to order an evidentiary hearing. And appoint counsel from PCRA amended petitions NUNC PRO TUNC, in pursuit of 42 Pa.C.S.A. (A)2(ii), when considering this Appellant has raised all prior lawyers are ineffective in failing to prove the Appellants innocence, of questions presented in filed PCRA petitions that are truth determining issues preserved for review in violation of Commonwealth v. Neal 713 A.2d at 657, 658 [(Pa.Super. 1998)]?
Sub part questions
A. Should this matter be remanded with the appointment of counsel for a full evidentiary hearing, of Rules 1504(a, b), 1507(a), 1507(d)(2).
B. Where the PCRA amended NUNC PRO TUNC petition from the first PCRA petition?
C. Can Superior Court rule on preserved issues on the trial record without an evidentiary hearing, and issue a new trial, and/or dismiss this case?
Appellant's Brief at iv. In the body of his brief under subpart C, Appellant raises a variety of issues, including but not limited to prosecutorial misconduct, insufficiency of the evidence, presentation of false testimony, failure to instruct the jury on various issues, failure to seek a mistrial, double jeopardy, failure to present an alibi defense, failure to prepare defense witnesses, presentation of illegally-obtained `jailhouse informant' testimony, failure to conduct proper cross-examination with respect to a pretrial warrant, and failure to present certain witnesses at the May 31, 1994 PCRA hearing. Id. at 8-50.
¶ 6 We first address Appellant's argument that the Nunc Pro Tunc Petition should be treated as an amended first PCRA petition, rather than as a second PCRA petition. Appellant's Brief at 6-7. Our courts have consistently held that a petitioner is entitled to the assistance of counsel when litigating a first PCRA petition. Commonwealth v. Hampton, 718 A.2d 1250, 1253 (Pa.Super.1998). A first-time petitioner must not be "deprived of the opportunity of legally trained counsel to advance his position in acceptable legal terms." Id. at 1254, citations omitted. When appointed, counsel's duty is to either (1) amend the petitioner's pro se petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the *624 claims lack merit by complying with the mandates of Finley. Id. at 1253. If appointed counsel fails to take either of these steps, our courts have not hesitated to find that the petition was "effectively uncounseled." Id. Under such circumstances, we generally remand for appointment of counsel to file either a proper amended PCRA petition or a proper Finley letter. Id., citing, inter alia, Commonwealth v. Sangricco, 490 Pa. 126, 133, 415 A.2d 65, 68 (1980); Commonwealth v. Fiero, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975); Commonwealth v. Barton, 312 Pa.Super. 176, 458 A.2d 571, 573 (1983); see also Commonwealth v. Duffey, 551 Pa. 675, 687, 713 A.2d 63, 69-70 (1998) (remanding for counseled PCRA proceedings where attorneys simply helped petitioner prepare a pro se PCRA petition but did not actually enter an appearance or advocate on petitioner's behalf); Commonwealth v. Glover, 738 A.2d 460, 465-466 (Pa.Super.1999) (remanding for further proceedings where PCRA counsel filed defective Finley letter and PCRA court dismissed petition based on that letter).
¶ 7 Similarly, where a petitioner files a second PCRA petition in order to remediate the procedural default of direct appeal counsel or PCRA counsel, we have treated that second petition as a first petition nunc pro tunc. See Commonwealth v. Lewis, 718 A.2d 1262, 1263-1264 (Pa.Super.1998) (where a first PCRA petition has resulted in reinstatement of appellate rights nunc pro tunc, this court has the authority to treat a subsequent PCRA petition as a first petition), appeal denied, 558 Pa. 629, 737 A.2d 1224 (1999); Commonwealth v. Thomas, 396 Pa.Super. 92, 578 A.2d 422, 424 (1990) (treating second PCRA petition as first petition nunc pro tunc where petitioner used second petition to allege that first PCRA counsel failed to file appellate brief, resulting in this Court's dismissal of first PCRA appeal without prejudice). In each of the above cases, the petitioner had not received that which he was entitled to receive: namely, the "opportunity of legally trained counsel to advance his position in acceptable legal terms." Hampton, 718 A.2d at 1254. Accordingly, remand or nunc pro tunc activity was necessary to provide the petitioner with his first truly counseled PCRA petition.
¶ 8 On the other hand, where a petitioner has had the benefit of one effectively-counseled petition for collateral relief, our supreme court has held that a subsequent petition should be treated as a second petition under the PCRA. See Commonwealth v. Yarris, 557 Pa. 12, 731 A.2d 581, 586 (1999). In that case, defendant Yarris filed a "Motion for a New Trial" after his direct appeal had become final. In that motion, Yarris raised claims which were cognizable under the PCRA. After that motion had been denied, Yarris filed a PCRA petition. Our Supreme Court held that the "Motion for a New Trial" should be treated as Yarris's first PCRA petition, and that the latter filing should be treated as Yarris's second PCRA petition. Id.; cf. Dehart, 730 A.2d at 993 n. 2 (second PCRA petition should be treated as such where first petition resulted in retrial on sentencing).
¶ 9 In the instant case, the record reveals that Appellant received the benefit of counsel for his first PCRA petition. Attorney Cassidy filed a supplemental PCRA petition for Appellant, and represented him during the May 31, 1994 evidentiary hearing. See footnote 2, supra. After the petition was denied, Attorney Cassidy was permitted to withdraw and new counsel was substituted. Priovolos, 552 Pa. at 366, 715 A.2d at 421. Appellant then received a counseled PCRA appeal to this Court and a counseled appeal to the Pennsylvania Supreme Court. Id. Accordingly, we find that Appellant received all that he was entitled to receive under Hampton: namely, an opportunity to have his PCRA claims presented in acceptable legal terms. Under these circumstances, we find that Appellant's current petition for a PCRA rehearing nunc pro tunc is, in fact, a second PCRA petition, subject to the restrictive *625 1995 amendments to the PCRA. See Yarris, 731 A.2d at 586.[4]
¶ 10 Having concluded that the current petition is Appellant's second, we must determine whether it is untimely. We recognize that neither the parties nor the PCRA court analyzed this issue. Nevertheless, "[b]ecause the timeliness implicates our jurisdiction, we may consider the matter sua sponte." Id. at 581.
¶ 11 A second-or-subsequent PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless one of the exceptions outlined in 42 Pa.C.S.A. § 9545(b)(1) applies. Commonwealth v. Peterkin, 554 Pa. 547, 554-555, 722 A.2d 638, 641-642 (1998); Commonwealth v. Alcorn, 703 A.2d 1054, 1057 (Pa.Super.1997), appeal denied, 555 Pa. 711, 724 A.2d 348 (1998). Our Supreme Court described the exceptions as follows:
That is, he must show that his failure to raise these claims previously was the result of illegal interference by government officials, 42 Pa.C.S. § 9545(b)(1)(i), or that facts upon which his claims rest were unknown and could not have been ascertained with due diligence, or that he is asserting a newly recognized constitutional right, 42 Pa.C.S. § 9545(b)(1)(ii), (iii) and that the petition raising these claims was filed within 60 days of the date the claim could have been presented, 42 Pa.C.S. § 9545(b)(2).
Commonwealth v. Crawley, 559 Pa. 9, 12-13, 739 A.2d 108, 110 (1999). The PCRA court lacks jurisdiction to hear untimely PCRA petitions. Alcorn, 703 A.2d at 1057.
¶ 12 Because Appellant did not pursue an appeal to the United States Supreme Court, his judgment of sentence became final on or about February 20, 1993 (i.e., 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal on November 20, 1992). See Commonwealth v. Owens, 718 A.2d 330, 331 (Pa.Super.1998). Appellant was required to file his second petition by February 20, 1994. Appellant's current petition was filed on March 9, 1999, long after the one-year deadline expired.
¶ 13 In accordance with Yarris, and in the interest of finality, we have reviewed Appellant's issues to determine "whether they encompass any claims that should be considered timely under one or more of the exceptions set forth in Section 9545(b)(1)." Yarris, 731 A.2d at 587. We have reviewed Appellant's Nunc Pro Tunc Petition, his supporting PCRA brief, and his appellate brief, as well as all exhibits thereto. We find no claims which implicate § 9545(b)(1)(i) (failure to raise the issue previously was the result of interference by government officials) or § 9545(b)(1)(iii) (assertion of a newly recognized constitutional right).
¶ 14 We now turn to whether Appellant has satisfied his burden under § 9545(b)(1)(ii) (facts upon which Appellant's claims rest were unknown and could not have been ascertained with due diligence). The record reveals that Appellant has retained private investigator Dennis J. Crosson to discover and/or analyze exculpatory evidence in this case. Several documents related to this investigation are attached to the Nunc Pro Tunc Petition as Exhibit "N". These documents include: (1) an affidavit from Mr. Crosson, dated May 8, 1999; (2) a memorandum dated January 5, 1999 from Mr. Crosson to Appellant, detailing the current status of his investigation; (3) a "memorandum to file" from Mr. Crosson, dated March 1, 1999; (4) Mr. Crosson's notes, dated January 10, 1999, from an interview with potential witness Catherine Torma; and (5) a signed statement from potential witness Scott E. *626 Anderson, dated February 17, 1999. Docket Entry 200, Exhibit N. Appellant has also included a signed statement from Ms. Torma, dated January 10, 1999. Id., Exhibit S.[5] Despite these efforts, Appellant "makes no attempt to explain why the information contained in these statements could not, with the exercise of due diligence, have been obtained much earlier." Yarris, 731 A.2d at 590. As a result, Appellant has failed to carry his burden under § 9545(b)(1)(ii). Because Appellant has failed to establish that any exceptions to the timeliness requirements apply, we conclude that his petition is time-barred. As noted above, the PCRA court lacks jurisdiction to hear untimely PCRA petitions. Alcorn, 703 A.2d at 1057. Accordingly, we find that the court did not err in dismissing the petition.[6]
¶ 15 Affirmed.
NOTES
[1] We have summarized the history of this case using our Supreme Court's opinion in Commonwealth v. Priovolos, 552 Pa. 364, 366, 715 A.2d 420, 421 (1998). We have done so because the certified record before us does not contain most of the docket entries from the Court of Common Pleas. The record begins with Docket Entry 181 (Attorney Michael Cassidy's petition to withdraw, dated April 24, 1996) and ends with Docket Entry 206 (Trial Court Opinion, dated May 25, 1999). We have attempted to procure the remainder of the certified record through the Prothonotary's Office in Philadelphia. That office has informed us that the records we sought seem to have been lost en route from the Supreme Court to the Court of Common Pleas during an earlier stage of these proceedings. While it is Appellant's duty to provide this Court with a complete record for purposes of review (see Commonwealth v. Dehart, 730 A.2d 991, 992 n. 1 (Pa.Super.1999)), Appellant is excused from this duty under the unusual circumstances presented here. We have received from the Court of Common Pleas of Montgomery County a supplemental record which includes a transcript of the PCRA hearing dated May 31, 1994.
[2] Appellant argues that "there is no amended PCRA from appointed PCRA counsel (Cassidy)." Appellant's Brief at 2. In support, Appellant cites the Docket Sheet in this case, which does not list an amended PCRA petition as having been filed before the court dismissed Appellant's claims on July 11, 1994. Id. at Exhibit 5. We have received a supplemental record which contradicts the Docket Sheet and Appellant's claims. Specifically, the supplemental record contains a transcript of the May 31, 1994 PCRA hearing. In that transcript, attorney Cassidy indicates that he had filed a supplemental, counseled PCRA petition 10 or 11 days before the hearing. N.T. PCRA Hearing, 5/31/94, at 2. Attorney Cassidy presented a second copy of this petition to the court during the hearing. Id. Attorney Cassidy represented Appellant throughout this three-hour hearing. Id. at 2-115.
[3] Commonwealth v. Finley, 379 Pa.Super. 390, 550 A.2d 213 (1988).
[4] If this were not the case, a petitioner could avoid the 1995 amendments and file any number of serial PCRA petitions simply by labeling them "nunc pro tunc" amendments to his first petition. Appellant candidly acknowledges that he has styled the current petition as a nunc pro tunc petition in part to avoid the 1995 amendments. Appellant's Brief at 6-7.
[5] Many affidavits and statements attached to the Nunc Pro Tunc petition are unsigned and undated. See Docket Entry 200, Exhibits M, O, P, Q, R, T, U, V, W, X.
[6] We recognize that the PCRA court dismissed the Nunc Pro Tunc Petition on a different basis: namely, that Appellant's claims were all either previously litigated or waived. Trial Court Opinion, 5/25/99, at 13-14. Nevertheless, "[t]his Court may affirm a trial court order when it is correct on any legal ground, regardless of the legal basis on which the trial court relied." Commonwealth v. Petroski, 695 A.2d 844, 847 (Pa.Super.1997).