J-S55003-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TYREE LITTLE, | |
| Appellant | No. 266 EDA 2013 |

Appeal from the PCRA Order December 28, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0505671-2000

BEFORE: BOWES, SHOGAN, and OTT, JJ.

MEMORANDUM BY BOWES, J.:             **FILED AUGUST 28, 2014**

Tyree Little appeals from the December 28, 2012 order denying his second PCRA petition as untimely filed. We affirm.

Based upon the following events, a jury convicted Appellant on May 3, 2001, of third degree murder, possession of a firearm without a license, and possession of an instrument of crime:

> During the afternoon of December 8, 1999, Appellant and a friend drove around the area of 24th and Somerset Streets in Philadelphia looking for the victim, Walter Bryant, with whom Appellant had argued earlier. When they again came upon the victim, he waved at them to stop and Appellant and his friend got out of the car. Mr. Bryant and Appellant renewed their argument, then the victim said "if you have a gun you better use it." When Appellant saw Mr. Bryant reach into his "hoody pocket," Appellant pulled out his gun and shot the victim seven times. Mr. Bryant was pronounced dead shortly thereafter. No weapon was found on or near the victim's body.

*Commonwealth v. Little*, 816 A.2d 331 (Pa.Super. 2002) (unpublished memorandum at 1-2). On June 13, 2001, the trial court sentenced Appellant to fifteen to thirty years imprisonment. We affirmed the conviction. *Id*. On May 28, 2003, our Supreme Court denied allowance of appeal. *Commonwealth v. Little*, 825 A.2d 1260 (Pa. 2003).

Appellant filed a timely PCRA petition on November 24, 2003. Counsel was appointed, filed a no-merit letter and petition to withdraw, and was permitted to withdraw. PCRA relief was denied, and, on appeal, we affirmed. *Commonwealth v. Little*, 895 A.2d 648 (Pa.Super. 2006) (unpublished memorandum). Appellant filed the present, counseled PCRA petition on July 25, 2011. This appeal followed its dismissal, which was based upon untimeliness. Appellant presents these issues on appeal:

> I. Did the PCRA court violate Appellant's 6th and 4th Amendment rights by finding that Appellant's PCRA petition was untimely filed and did not invoke an exception to the timeliness provision of the Post-Conviction Relief Act?
>
> II. Did the PCRA court violate Appellant's 6th and 14th Amendment rights by denying the PCRA petition without benefit of conducting a hearing and making a determination based on the merits of the evidence and claim?

Appellant's brief at 4.

Our Supreme Court has observed that limited appellate review applies in the PCRA context. *Commonwealth v. Spotz*, 84 A.3d 294 (Pa. 2014). As delineated in *Commonwealth v. Feliciano*, 69 A.3d 1270, 1274-75 (Pa.Super. 2013) (citation omitted),

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. This Court treats the findings of the PCRA court with deference if the record supports those findings. It is an appellant's burden to persuade this Court that the PCRA court erred and that relief is due.

All PCRA petitions must be filed within one year of when a defendant's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). In this case, Appellant's judgment of sentence became final in 2003, after he failed to seek review in the United States Supreme Court from our Supreme Court's denial of allowance of appeal. 42 Pa.C.S. § 9545(b)(3) (judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review). He had until 2004 to file a timely PCRA petition and his 2011 petition is facially untimely.

There are three exceptions to the one-year time bar: when the government has interfered with the defendant's ability to present the claim, when the defendant has recently discovered the facts upon which his PCRA claim is predicated, and when either our Supreme Court or the United States Supreme Court has recognized a new constitutional right and made that right retroactive. 42 Pa.C.S. § 9545(b)(1)(i-iii). *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa.Super. 2012) ("There are three exceptions to this [one-year] time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right."). The defendant has

the burden of pleading and proving the applicability of any exception. *Feliciano*, *supra*; 42 Pa.C.S. § 9545(b)(1).

Appellant herein invokes the newly-discovered fact exception, which has two elements. "Namely, the petitioner must establish that: 1) 'the facts upon which the claim was predicated were unknown' and 2) 'could not have been ascertained by the exercise of due diligence.' 42 Pa.C.S. § 9545(b)(1)(ii)." *Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa.Super. 2014) (emphases omitted) (quoting *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007)). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Medina*, *supra* at 1216 (citation omitted); *see also Commonwealth v. Edmiston*, 65 A.3d 339 (Pa. 2013); *Commonwealth v. Monaco*, 996 A.2d 1076 (Pa.Super. 2010); *Commonwealth v. Priovolos*, 746 A.2d 621, 626 (Pa.Super. 2000).

In this case, Appellant raises a claim of juror misconduct. He avers that within sixty days of filing the present PCRA petition, he learned that "a juror in his case – Jennifer Redding – had three separate conversations with Appellants' [sic] 'girlfriend', Jamie Mannon." Appellant's brief at 8. The juror purportedly knew Appellant and made remarks about the case. Appellant acknowledges that he knew about this juror in 2003. Appellant's

brief at 11. He claims that he was unable to uncover the name of the juror until 2011. We reject Appellant's position that his claim falls within the newly discovered facts exception.

Appellant openly acknowledges that he was able to uncover the identity of the juror after he hired an investigator. Appellant's brief at 13. Appellant failed to exercise due diligence in not pursuing the same investigation in 2003, when he first learned of the alleged conversations that this juror, who knew Appellant, had with people who were associated with Appellant.[1] **Commonwealth v. Edmiston**, **supra** (defendant claimed PCRA petition was timely due to new information gleaned from witnesses; Supreme Court held that defendant's neglect to explain why he did not interview and obtain newly discovered facts from witnesses sooner rendered his PCRA petition untimely); **Monaco**, **supra** (defendant failed to prove that he was diligent in uncovering his mental health diagnosis where he could have obtained a mental health examination when he was tried). **Commonwealth v. Priovolos**, **supra** (citation omitted) (long after defendant's judgment of sentence was final, he used a private investigator to uncover purportedly exculpatory evidence; his attempt to come within the parameters of the newly-discovered-facts exception was rejected since the defendant made "no attempt to explain why the information . . . could not,

---

[1] At the time of the trial, this same juror also purportedly spoke with Appellant's cousin, Nassir Jason, about this case.

with the exercise of due diligence, have been obtained much earlier"). The names of the jurors were a matter of public record, to which Appellant had access in order to ascertain who might have known him and spoke with his cousin and former girlfriend. Hence, the PCRA court did not commit legal error in concluding that the present PCRA petition was untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014