J-A28045-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELWOOD JOHNSON | : | |
| | : | |
| Appellant | : | No. 2236 EDA 2017 |

Appeal from the PCRA Order June 29, 2017
In the Court of Common Pleas of Montgomery County Criminal Division at
No(s): CP-46-CR-0009065-2006

BEFORE: GANTMAN, P.J., PANELLA, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 11, 2018**

Appellant, Elwood Johnson, appeals from the Order entered in the Montgomery County court of Common Pleas dismissing as untimely his seventh Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm on the basis that Appellant's PCRA Petition is untimely and, thus, this Court lacks jurisdiction to review the Petition.

Following a jury trial, Appellant was convicted of Possession of a Controlled Substance, Corrupt Organizations, Criminal Use of a Communication Facility, Possession of a Controlled Substance with Intent to Deliver, Criminal Conspiracy, and Dealing in Proceeds of Unlawful Activities.[1]

---

[1] 35 P.S. § 780–113(a)(16); 18 Pa.C.S. §§ 911, 7512; 35 P.S. § 780–113(a)(30); and 18 Pa.C.S. §§ 903, 5111, respectively.
*(Footnote Continued Next Page)*

On February 5, 2009, the court sentenced Appellant to an aggregate term of sixteen and one-half (16½) to thirty-three (33) years' imprisonment. On August 6, 2010, this Court affirmed the Judgment of Sentence. ***See Commonwealth v. Johnson***, 11 A.3d 1014 (Pa. Super. 2010). On March 9, 2011, our Supreme Court denied Appellant's Petition for Allowance of Appeal. ***See Commonwealth v. Johnson***, 20 A.3d 485 (Pa.2011). Appellant's Judgment of Sentence became final on June 7, 2011.[2]

Appellant filed the instant PCRA Petition on February 1, 2017. On July 3, 2017, the court dismissed the PCRA Petition. This timely appeal followed. Appellant raises the following issue for our review:

1. Did the (PCRA) court err, and commit reversible error when it dismissed Appellant's Petition filed under § 9545(b)(1)(i-ii) and § 9545(b)(2) for not exercising due diligence, when said information contained in the sworn notorized [sic] affidavit could not have been ascertained through the exercise of due diligence?

Appellant's Brief at 3.[3]

*(Footnote Continued)* ─────────────

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that a Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

[3] The affidavit annexed to the PCRA petition, signed by Appellant's brother, Anthony Johnson, stated "[m]y brother does not know to this day that it was me responsible for his incarceration due to my action." PCRA Petition, 2/1/17, at Ex. A.

Before addressing the merits of Appellant's claim, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. *See Commonwealth v. Hackett*, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's Petition, filed on February 1, 2017, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides as follows:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

**(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1-2) (emphasis added).

The exception in Section 9545(b)(1)(ii) requires a petitioner to plead and prove that "1) the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence [prior to trial]." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

In *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa. Super. 2000), the appellant attached several documents to his PCRA petition, including *inter alia*, an affidavit from a private investigator, a signed statement from a potential witness, and notes from an interview with a potential witness. *Id.*

at 625-26. This Court opined that despite proffering these documents, the appellant "makes no attempt to explain why the information contained in these statements could not, with the exercise of due diligence, have been obtained much earlier." *Id.* at 626 (citation omitted). In the absence of due diligence, the appellant failed to establish any timeliness exception, and this Court found the petition was time barred, divesting the PCRA court of jurisdiction to hear the untimely petition. *Id.*

In the instant case, Appellant has failed to prove why the information contained in the affidavit regarding his brother's alleged commission of the crime, could not, with the exercise of due diligence, have been obtained earlier. In the absence of due diligence, Appellant failed to establish any timeliness exception. Therefore, we conclude the petition is time barred. *See id.* Accordingly, we affirm the Order of the PCRA court dismissing his PCRA petition as untimely. *See Albrecht*, 994 A.2d at 1093.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/11/18</u>