J-S78023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN FERGUSON, III | : | |
| | : | |
| Appellant | : | No. 712 WDA 2017 |

Appeal from the PCRA Order April 21, 2017
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001273-2006

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                **FILED JANUARY 19, 2018**

Appellant, John Ferguson, III, appeals from the Order entered in the Beaver County Court of Common Pleas dismissing as untimely his second Petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.   After careful review, we conclude that Appellant's *pro se* Petition was untimely and affirm.

On September 19, 2007, Appellant pled guilty to Murder of the Third Degree and Firearms not to be Carried Without a License.[1]   On the same date, the court sentenced him to a term of fifteen to thirty years' imprisonment followed by five years of probation.   Appellant did not file

_____

[1] 18 Pa.C.S. § 2502(c); 18 Pa.C.S. § 6106(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

post-sentence motions or a direct appeal. His Judgment of Sentence, thus, became final on October 19, 2007.[2]

On September 12, 2008, Appellant filed his first *pro se* PCRA petition alleging, *inter alia*, ineffective assistance of plea counsel. Counsel was appointed and filed an Amended PCRA Petition on December 1, 2008. In the Amended Petition, Appellant contended plea counsel was ineffective for failing to file a motion to withdraw his guilty plea and to request a psychiatric evaluation to ensure his plea was knowing and voluntary. After an evidentiary hearing, the PCRA court denied the Petition, finding that Appellant's plea was knowing, voluntary, and intelligent. Appellant appealed and this Court affirmed. ***Commonwealth v. Ferguson***, 887 WDA 2009 (Pa. Super. 2010) (unpublished memorandum).

On March 3, 2017, *pro se* Appellant filed his second PCRA petition, annexing copies of his own medical records from 1995, as "after discovered facts." On April 21, 2017, the court dismissed the PCRA Petition, as untimely. This timely appeal followed.[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

_____

[2] ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that a Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review.").

[3] On July 7, 2017, this Court dismissed the appeal for failure to file a docketing statement. However, on July 28, 2017, we reinstated the appeal
*(Footnote Continued Next Page)*

Appellant raises the following issues for our review:

1. Was plea counsel ineffective for failure to request a psychiatric evaluation of [Appellant] to determine competency prior to the plea agreement?

2. Was plea counsel ineffective for failure to obtain and introduce evidence of [Appellant's] long documented "mental disabilities" and mental health treatment prior to the plea agreement?

3. Was plea counsel ineffective for failing to advise [Appellant] of his mitigating mental health factors prior to the plea agreement?

4. Was plea counsel ineffective for failure to advise [Appellant] of his right to withdraw his guilty plea prior to sentencing as required by Pa.R.Crim.P. 591(A) and within (10) days after sentencing as required by Pa.R.Crim.P. 720(A)(1) and (B)(1)(a)(i)?

5. Was the guilty plea of Appellant knowing, voluntary and intelligent in accordance with Pa.R.Crim.P. 590 and ***Commonwealth v. Pollard***, 2003 Pa. Super. 334, 832 A.2d 517, 522 (Pa. Super. 2003)?

Appellant's Brief at 5.

Before addressing the merits of Appellant's issues, we must determine whether we have jurisdiction to entertain the underlying PCRA petition. ***See*** ***Commonwealth v. Hackett***, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA petition is a jurisdictional requisite).

*(Footnote Continued)* ──────────

after it was discovered the docketing statement had been mistakenly filed with the Beaver County Court of Common Pleas. ***See*** Order, dated 7/28/17.

Under the PCRA, any PCRA petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). Appellant's Petition, filed on March 3, 2017, is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

> **(b) Time for filing petition.**
>
> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > **(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence**; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

- 4 -

> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)–(2) (emphasis added).

Appellant relies on the exception in Section 9545(b)(1)(ii), which requires a petitioner to plead and prove that "the facts upon which the claim was predicated were unknown [at the time of trial;] and 2) could not have been ascertained by the exercise of due diligence [prior to trial]." *Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007).

"Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011 (citations omitted).

In *Commonwealth v. Priovolos*, 746 A.2d 621 (Pa. Super. 2000), the appellant attached several documents to his PCRA petition, including *inter alia*, an affidavit from a private investigator, a signed statement from a potential witness, and notes from an interview with a potential witness. *Id.* at 625-26. This Court opined that despite proffering these documents, the appellant "makes no attempt to explain why the information contained in these statements could not, with the exercise of due diligence, have been obtained much earlier." *Id.* at 626 (citation omitted). In the absence of due diligence, the appellant failed to establish any timeliness exception, and this

Court found the petition was time barred, divesting the PCRA court of jurisdiction to hear the untimely petition. *Id.*

Analogously, in the case *sub judice*, Appellant contends that he has satisfied the timeliness exception pursuant to Subsection (b)(1)(ii) based upon mental health records from 1995 that were attached to his PCRA petition.[4] Appellant's Brief at 12.

With respect to his claim, the PCRA court concluded that "[t]he mental health records provided by the Appellant are from the year 1995; with the exercise of due diligence the Appellant could have obtained and cited such records in a timely PCRA." PCRA Ct. Op., 7/10/17, at 3.

We agree with the PCRA court's conclusion that Appellant could have obtained the medical records had he exercised due diligence. Appellant has failed to explain why he could not have obtained his records with the exercise of due diligence. *See Williams*, 35 A.3d at 53; *Priovolos*, 746 A.2d at 626.

Here, Appellant's Judgment of Sentence became final on October 19, 2009. The instant PCRA petition is, thus, facially untimely. Appellant did not prove any exception to the timeliness requirement, and his PCRA Petition is, thus, untimely. Therefore, we lack jurisdiction to consider the merits of

---

[4] *See* Appellant's Brief at Ex. A.

his Petition. **See Hackett**, 956 A.2d at 983. Accordingly, we affirm the Order of the PCRA court dismissing his PCRA petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/19/2018