J. S62037/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :             PENNSYLVANIA

                v.                :

ANTHONY JACKSON,            :          No. 2930 EDA 2017

                   :

            Appellant     :


Appeal from the PCRA Order, August 11, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at Nos. CP-51-CR-0014203-2007,
CP-51-CR-0014205-2007, CP-51-CR-0014206-2007


BEFORE:  LAZARUS, J., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED NOVEMBER 02, 2018**

Anthony Jackson appeals, ***pro se***, from the August 11, 2017 order denying appellant's third petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] entered by the Court of Common Pleas of Philadelphia County. Appellant was convicted of one count each of attempted murder, carrying a firearm without a license, possessing an instrument of crime, recklessly endangering another person, and two counts each of aggravated assault and criminal conspiracy.[2]  After careful review, we affirm.

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 901(a), 6106(a), 907(a), 2705, 2702(a), and 903(a), respectively.

The relevant procedural history of this case is as follows: On August 15, 2008, a jury convicted appellant of the above-referenced crimes. The trial court sentenced appellant to an aggregate term of 15-30 years' imprisonment. Following sentencing, appellant filed a post-sentence motion which the trial court denied on November 20, 2008.

On June 2, 2009, appellant filed a petition pursuant to the PCRA. The PCRA court granted appellant's petition on December 18, 2009, and reinstated appellant's direct appellate rights. Appellant filed a timely notice of appeal from the judgment of sentence, which this court affirmed on January 19, 2011. *Commonwealth v. Jackson*, 23 A.3d 1084 (Pa.Super. 2011) (unpublished memorandum). Our supreme court denied appellant's petition for allowance of appeal on August 30, 2011. *Commonwealth v. Jackson*, 27 A.3d 223 (Pa. 2011). Appellant did not file a writ of *certiorari* with the Supreme Court of the United States.

On August 9, 2012, appellant filed his first petition pursuant to the PCRA.[3] The PCRA court dismissed appellant's petition on December 16, 2013. This court affirmed the PCRA court's order on April 24, 2015. *Commonwealth v. Jackson*, 121 A.3d 1140 (Pa.Super. 2015)

---

[3] In cases where a defendant's first PCRA petition results in the reinstatement of direct appellate rights, a subsequently filed PCRA petition is treated as a "first petition." *Commonwealth v. Vega*, 754 A.2d 714, 716 n.3 (Pa.Super. 2000), citing *Commonwealth v. Priovolos*, 746 A.2d 621, 624 (Pa.Super. 2000), *appeal denied*, 758 A.2d 1198 (Pa. 2000); *Commonwealth v. Lewis*, 718 A.2d 1262, 1263-1264 (Pa.Super. 1998), *appeal denied*, 737 A.2d 1224 (Pa. 1999).

(unpublished memorandum). Appellant filed a second PCRA petition on June 17, 2015, which the PCRA dismissed on August 11, 2016. This court affirmed the PCRA court's order on September 7, 2016. ***Commonwealth v. Jackson***, 158 A.3d 168 (Pa.Super. 2016) (unpublished memorandum).

Appellant filed a post-sentence motion to modify his sentence on August 4, 2017, on the grounds that the PCRA court entered an illegal judgment of sentence. The PCRA court treated appellant's motion as a PCRA petition and denied the petition on August 11, 2017. On September 1, 2017, appellant filed a notice of appeal to this court. The PCRA court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on September 11, 2017, and appellant timely complied on September 13, 2017. On November 17, 2017, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

Because appellant labeled his appeal as an appeal from a denial of a post-sentence motion, this court issued an order on November 17, 2017, directing appellant to show cause why his appeal should not be quashed as untimely. Appellant complied with this court's order, filing a response on December 4, 2017. On December 11, 2017, this court issued a ***per curiam*** order deferring the issue of the timeliness of appellant's appeal to this panel.

Appellant raises the following issue for our review:

> Whether the sentencing court has committed an error of law in finding that [appellant's] ***pro se*** motion for reconsideration and modification of sentence was untimely, and therefore, could not be

considered[?] The court maintains the inherent power to correct or modify a clear and patent error in it's [sic] sentence. The failure to merge [appellant's] sentence is a clear and patent error.

Appellant's brief at 4.

Appellant framed the petition currently before us as a denial of a post-sentence motion and a direct appeal therefrom, where such an appeal would be patently untimely. However, the PCRA court correctly treated this motion as appellant's third petition pursuant to the PCRA. Indeed, the PCRA provides that "persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. A petition filed under the PCRA is the "sole means of obtaining collateral relief[.]" *Id.*, *see also Commonwealth v. Jackson*, 30 A.3d 516, 518 (Pa.Super. 2011). Here, because appellant is raising issues pertaining to the legality of his sentence, his post-sentence motion must be treated as a petition pursuant to the PCRA.

Subsequent PCRA petitions beyond a petitioner's first petition are subject to the following standard:

> A second or subsequent petition for post-conviction relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred. *Commonwealth v. Allen*, 732 A.2d 582, 586 (Pa. 1999). A *prima facie* showing of entitlement to relief is made only by demonstrating either that the proceedings which resulted in conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or the defendant's innocence of the crimes for which he was charged. *Id.* at 586. Our standard of review for an order denying post-conviction relief is limited to whether

the trial court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Jermyn***, 709 A.2d 849, 856 (Pa. 1998).

A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment of sentence becomes final. 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final for purposes of the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S.[A.] § 9543(b)(3). PCRA time limits are jurisdictional in nature, implicating a court's very power to adjudicate a controversy. ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999). Accordingly, the "period for filing a PCRA petition can be extended only if the PCRA permits it to be extended, ***i.e.***, by operation of one of the statutorily enumerated exceptions to the PCRA time bar. ***Id.*** at 222.

***Commonwealth v. Ali***, 86 A.3d 173, 176-177 (Pa. 2014), ***cert. denied***, 135 S.Ct. 707 (2014). We must first determine whether the PCRA court correctly dismissed appellant's PCRA petition as untimely.

In the case at bar, our supreme court denied appellant's petition for allowance of appeal on August 30, 2011. Appellant did not file a writ of ***certiorari*** to the Supreme Court of the United States. Accordingly, appellant's judgment of sentence became final on November 28, 2011. Appellant filed the PCRA petition styled as a post-sentence motion at issue on August 4, 2017—more than five years after his judgment of sentence became final and more than four years after a PCRA petition could be considered timely. ***See*** 42 Pa.C.S.A. § 9545(b)(1).

As noted above, the PCRA does enumerate exceptions to the one-year requirement. A petitioner may file a petition under the PCRA after one year has passed from the final judgment of sentence for any of the following reasons:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Section 9545 also mandates that any petition filed under these exceptions must be filed within 60 days of the date the claim could have been presented. *Id.* at § 9545(b)(2).

In the appeal before us, appellant fails to plead any of the exceptions to the PCRA time-bar. Rather, throughout his brief, appellant appears to argue that the trial court erred when it did not merge his convictions for sentencing purposes; however, appellant does not address any of the enumerated exceptions to the PCRA time-bar to the extent he claims his sentence is illegal, is still subject to the time bar. (Appellant's brief at 7-13.)

Therefore, we find that we do not have jurisdiction to consider the merits of the issue raised by appellant on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/18