J-S16031-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DAVE N. WILLIAMS :
:
Appellant : No. 2486 EDA 2023

Appeal from the Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-1200771-2003

BEFORE: STABILE, J., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 10, 2024**

Appellant, Dave N. Williams, appeals from the order entered in the Court of Common Pleas of Philadelphia County dismissing his patently untimely serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, in which he alleged both the government interference exception and the newly discovered fact exception to the PCRA time-bar. We affirm.

Due to our disposition, the underlying facts are not relevant to this appeal. Appellant was convicted by a jury of first-degree murder and possessing an instrument of crime ("PIC") and was sentenced to life imprisonment on August 19, 2004. On May 31, 2007, this Court affirmed Appellant's judgment of sentence, and our Supreme Cout denied Appellant's

_____

[*] Former Justice specially assigned to the Superior Court.

petition for allowance of appeal on December 28, 2007. *Commonwealth v. Williams*, 929 A.2d 249 (Pa. Super. 2007), *appeal denied*, 940 A.2d 365 (Pa. 2007). Ninety days later, on March 2, 2008, Appellant's judgment of sentence became final on when he did not file a writ of *certiorari* to the United States Supreme Court. *See* U.S. Sup. Ct. Rule 13. Accordingly, Appellant had until March 27, 2009, to file timely a PCRA petition.

The record reflects that Appellant timely filed *pro se* his first substantive PCRA petition in 2008. The PCRA court appointed counsel, who filed an amended petition. The Commonwealth filed a motion to dismiss, however, and the PCRA court sent Appellant notice of its intent to deny and dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. The PCRA Court subsequently entered an order dismissing Appellant's petition, this Court affirmed the order of dismissal on October 15, 2010, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

In the ensuing 13 years, Appellant has filed serial untimely PCRA petitions, including the December 27, 2022, petition presently at issue. Specifically, Appellant asks whether the PCRA court erroneously rejected his claims invoking both the newly discovered fact exception and the governmental interference exception to the statutory time-bar. According to Appellant, he satisfies the former exception with his proffer that he recently discovered through due diligence that a detective who worked on his case was listed among a group of detectives alleged to have used coercive investigative methods leading to the 1992 conviction of a man who, twenty-seven years

later, in 2019, was exonerated of the crime. He meets the latter exception, he continues, by alluding to a record showing the Commonwealth suppressed its knowledge of this detective's history. We disagree.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). Before we reach the merits of Appellant's issue, we first must determine whether we have jurisdiction to do so. Pursuant to 42 Pa.C.S.A. § 9545(b)(1), any PCRA petition must be filed within one year of the date the judgment becomes final unless Appellant alleges and proves that the petition falls within three enumerated exceptions, specifically:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date

the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. *See* 42 Pa.C.S. § 9545(b)(2). It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." *Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

Appellant invokes both the Section 9545(b)(1)(ii) "newly discovered fact" exception, by alleging the detective committed "bad acts" in prior investigations to secure convictions, and the Section 9545(b)(1)(i) government interference exception, by alleging the Philadelphia District Attorney's Office suppressed the detective's prior "bad acts" and corruption evidence. Appellant raised his newly discovered fact claim by appending to his PCRA petition a photocopied page from the *Philadelphia Inquirer*'s

"Homicide Files", a webpage that describes itself as a "database, built on court filings, official records and interviews, [that] aims to provide context about these issues [*i.e.*, cases in which witnesses and defendants made allegations that detectives fabricated statements, coerced confessions, or engaged in other improper techniques]." In some cases, the page indicates, those who accused detectives of such misconduct have been deemed not credible by the courts.

Relevant to his petition, Appellant posits, is the page's reference to the criminal case against Willie Veasy, a man convicted of murder in 1992 but exonerated in 2019 after spending 27 years in prison. Veasy had alleged he was subjected to an abusive, lengthy interrogation that culminated with his signing a statement confessing to the murder being investigated. While the page Appellant incorporated in his PCRA petition lists the detective's name underneath the "Detective(s) Involved" heading to the Veasy case annotation, the annotation describing the alleged unlawful investigative acts mentions only other detectives.

In concluding that Appellant failed to establish a timeliness exception with this proffer, the PCRA court explained:

> At the outset, the attached document fails to provide any support to substantiate either the detective's alleged "bad acts," or the Commonwealth's purported suppression of exculpatory evidence. To the contrary, the appended list is just a vague summary of allegations lodged against various officers that is borderline illegible. Thus, [Appellant] failed to demonstrate Detective Mangoni was even included in the document. Furthermore, it is wholly unclear what "bad acts" the detective purportedly engaged

in [and] how he is "corrupt," as [Appellant] neglected to provide a rational explanation. Even if the document had mentioned Detective Mangoni by name, the summary does not cite any admissions or conclusive findings of wrongdoing that may be linked to [Appellant's] case.

Trial Court Opinion, 8/23/23, at 2.

For its part, the Commonwealth states that it cannot be held to have engaged in interference with Appellant's ability to raise this claim when its search of its Police Misconduct Disclosures ("PMD") database yields no information showing that Detective Mangoni had ever engaged in bad acts or corruption, and when Appellant otherwise fails to include within his petition any details about what Mangoni actually was alleged to have done. Brief of Appellee at 8. Alternatively, the Commonwealth observes that Appellant's failure to indicate when he first became aware of the "Homicide Files" webpage regarding the *Veasy* case requires a finding that he failed to meet his obligation under Section 9545(b)(2) to show he raised this claim within one year of finding out about the alleged fact. *See Commonwealth v. Priovolos*, 746 A.2d 621, 625-26 (Pa. Super. 2000) (petitioner failed to satisfy newly discovered facts exception where no attempt to explain why he could not obtain the information much earlier with the exercise of due diligence).

The newly discovered facts exception "renders a petition timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" *Commonwealth v. Small*, 238 A.3d 1267,

1271 (Pa. 2020), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court first must determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" ***Id.*** at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." ***Id.*** (citation omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015). Additionally, the claim must be filed within one year of the date the claim could have been presented as required by § 9545(b)(2).[1]

Here, even assuming Appellant had established a factual basis for a newly discovered fact claim, he neither pleaded nor proved that he filed his December 27, 2022, PCRA petition within one year of having discovered such facts. In this regard, Appellant failed to specify in his PCRA petition the date upon which he became aware of the newspaper website. As observed by the PCRA court, Appellant "failed to even allege, much less specifiy, when [Appellant] learned of the alleged "facts" underlying [his] claim as mandated by 42 Pa.C.S.A. § 9545(b)(2)." PCRA Court's Pa.R.Crim.P. 907 Notice,

---

[1] The newly discovered fact exception "does not require any merits analysis of the underlying claim," and application of the time-bar exception therefore does not necessitate proof of the elements of a claim of after-discovered evidence. ***Small***, 238 A.3d at 1286.

7/19/23, at 2. Similarly, the Commonwealth contends, "[Appellant] does not state exactly when he learned of Detective Mangoni's alleged bad acts but somehow guarantees that this claim was brought within a year of learning of the alleged bad acts (even though he claims that he does not remember when he discovered this information). Thus, he has not met his burden." Brief of Appellee, at 10.

On review of the record, we agree Appellant failed to offer below any assertion or explanation identifying when he first learned of the detective's alleged bad acts upon which he bases his newly discovered facts and government interference exceptions to the PCRA time-bar. Under the circumstances, therefore, he may not qualify for the relief he seeks.

Based on the foregoing discussion, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/10/2024