J-S21002-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
  :
v.   :
  :
  :
  :
RAPHAEL TAN   :
  :
Appellant   :   No. 1547 EDA 2023

Appeal from the PCRA Order Entered May 24, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1103141-1996

BEFORE:  LAZARUS, P.J., NICHOLS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, P.J.:         **FILED JULY 30, 2024**

Raphael Tan appeals from the order, entered in the Court of Common
Pleas of Philadelphia County, dismissing as untimely his petition filed pursuant
to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").[1]  Upon
review, we affirm.

On March 21, 2000, following a nonjury trial, Tan was convicted of two
counts of first-degree murder and related offenses in conjunction with a
shooting arising out of a dispute over drug territory.  Tan was sentenced to
two concurrent terms of life imprisonment for the murders, and concurrent

_____

[1] Our standard and scope of review for the denial of a PCRA petition is well-settled.  We review the PCRA court's findings of fact to determine whether they are supported by the record and review its conclusions of law to determine whether they are free from legal error. ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014).  The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA level. ***Id.***

terms of five to ten years of imprisonment for aggravated assault and ten to twenty years of imprisonment for conspiracy. This Court affirmed Tan's judgment of sentence on November 8, 2001, and our Supreme Court denied his petition for allowance of appeal. *See Commonwealth v. Tan*, 792 A.2d 619 (Pa. Super. 2001) (Table), appeal denied, 796 A.2d 982 (Pa. 2002) (Table). Tan did not seek review before the United States Supreme Court and, therefore, his judgment of sentence became final for purposes of the PCRA in 2002. *See* 42 Pa.C.S.A. § 9545(b)(3) (judgment becomes final at conclusion of direct review, including discretionary review in U.S. Supreme Court and Supreme Court of Pennsylvania, or at expiration of time for seeking such review"); Sup. Ct. R. 13(1) (petition for writ of certiorari timely when filed within 90 days after entry of state court order denying discretionary review). In the ensuing years, Tan filed three PCRA petitions, none of which merited relief.

Tan filed the instant PCRA petition, his fourth, on September 8, 2021, nearly 20 years after his judgment of sentence became final. Tan's petition was facially untimely. *See* 42 Pa.C.S.A. § 9545(b)(1) (PCRA petition timely if filed within one year of date judgment of sentence becomes final). However, section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition: (1) the petitioner's inability to raise a claim because of governmental interference; (2) the discovery of previously unknown facts that would have supported a claim; and (3) a newly recognized constitutional right. *See id.* at § 9545(b)(1)(i)-(iii). A PCRA petition invoking

one of these statutory exceptions must be filed within the time constraints set forth at 42 Pa.C.S.A. § 9545(b)(2).[2] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." **Spotz**, 171 A.3d at 678 (citation omitted).

In his PCRA petition, Tan asserted the newly discovered fact exception to the time bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Specifically, Tan claimed that, on September 5, 2021, he obtained a signed exculpatory statement from a witness, Johnny Rodriguez, who claimed to have witnessed the shooting and stated that Tan was not one of the gunmen.

In denying Tan's petition, the PCRA court highlighted the following portion of Rodriguez's statement, made in response to a question from Tan's investigator regarding when Rodriguez met Tan and discussed his case:

> **I got to SCI Dallas in '14, '15, '16; maybe the following year**, I'm in the yard with a friend that I grew up with, Lamont Sanders. We're going back and forth and walk by the Domino table. He said, "You remember him right there?" He said that's Tan. He said, "Tan from Mascher n*****. Tan that always be in the bar." He was telling me that they got him for Chello and Rollo deaths. I said, "Damn, they just got him or something?" He said, "No. They got him when it happened." I was talking to Tan, but he ain't too good with English. I told him that I remember that he used to buy Big Momma clothes and stuff. That's when I asked

---

[2] Subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing a petition invoking an exception to the time bar from sixty days of the date the claim could have been presented, to one year. **See** Act 2018, Oct. 24, P.L. 894, No. 146, § 3. This amendment applies to claims arising on December 24, 2017, or thereafter. **See id.** Because Tan's claim arose, at the latest, in 2017, **see** discussion, **infra**, he was required to present his claim within sixty days under the prior version of the statute.

him, "Rollo and Chello, you're locked up for that?"  He said yeah.
The next afternoon, we had a conversation.  The same thing that
I told to you is the same thing that I told to him.  He then started
crying.  I lost all of my friends by this violence.

Exhibit "A" to PCRA Petition, 9/8/21, at 5 (emphasis added).

Based on Rodriguez's statement, it is clear that Tan was aware of
Rodriguez's exculpatory information by 2017, at the latest.  Nevertheless, Tan
waited until September 2021 to file the instant PCRA petition.[3]  Pursuant to
the version of subsection 9545(b)(2) in effect at the time Tan became aware
of the exculpatory information, he was required to file a PCRA petition invoking
the newly discovered facts exception within 60 days of the date the claim
could have been presented.[4]  He failed to do so.  Accordingly, his claim under
section 9545(b)(1)(ii) is untimely and the PCRA court properly denied relief.

Order affirmed.

_____

[3] In his brief, Tan attempts to justify his delay in filing the instant petition by
alleging that "while [he] knew about [Rodriguez,] he did not know where he
was."  Brief of Appellant, at 19.  This explanation, however, does not account
for Tan's failure to immediately obtain a written statement from Rodriguez
while they were both housed together at SCI Dallas in 2017.  **See
Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) ("Due
diligence demands that the petitioner take reasonable steps to protect his own
interest.");  **Commonwealth v. Priovolos**, 746 A.2d 621, 626 (Pa. Super.
2000) (rejecting newly discovered facts claim where petitioner made "no
attempt to explain why the information contained in these statements could
not, with the exercise of due diligence, have been obtained much earlier.").

[4] Even assuming, *arguendo*, that Tan obtained the information in the final
seven days of 2017 and the amendment's one-year time period applied, his
petition was not filed until 2021, nearly four years after the claim arose.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/30/2024