J-S53026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMAL HATCHER | |
| Appellant | No. 1600 EDA 2019 |

Appeal from the PCRA Order entered May 31, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006133-2010

BEFORE:  OLSON, STABILE, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED DECEMBER 24, 2019**

Appellant, Jamal Hatcher, appeals *pro se* from the May 31, 2019 order entered in the Court of Common Pleas of Philadelphia County, dismissing his third petition for collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Appellant contends the PCRA court erred by dismissing his petition that sought a new trial based on newly-discovered evidence from a witness, Maisie Suarez ("Suarez"), who testified at Appellant's trial.  After careful review, we affirm.  However, we affirm on the basis that Appellant's petition was untimely filed, depriving this Court of jurisdiction to consider the merits of Appellant's claims.

Following a jury trial, Appellant was convicted of attempted murder, aggravated assault and firearms violations, all stemming from events that

occurred in Philadelphia on April 2, 2010.[1]  The trial court denied Appellant's post-sentence motions and we affirmed his judgment of sentence on June 5, 2013.  *See Commonwealth v. Jamal Hatcher*, 2013 WL 11262133 (Pa. Super., June 5, 2013).[2]  Appellant did not seek allowance of appeal to our Supreme Court.  Therefore, his judgment of sentence was final on July 5, 2013.

Appellant filed a timely first PCRA petition on March 17, 2014.  Appointed counsel filed an amended petition and a motion to withdraw.  Appellant subsequently filed several amended petitions, including a *pro se* petition filed on September 16, 2014, in which he asserted, *inter alia*, that Suarez would provide testimony that "will establish unequivocal exculpatory statements were manipulated by detectives and what they put forth on affidavit [of] probable cause and at trial was fabricated false evidence."  *Pro Se* Amended First PCRA Petition, 9/16/14, at 7.  Further, Appellant claimed the "evidence produced upon warrant and trial [was] fabricated wholly to implicate the

_____

[1] Appellant was tried jointly with his co-defendant brother, Hassan Hatcher, who was convicted of aggravated assault and conspiracy for his role in the April 2, 2010 events.  We affirmed Hassan Hatcher's judgment of sentence on June 5, 2013. *See Commonwealth v. Hassan Hatcher*, 2013 WL 11262119 (Pa. Super., June 5, 2013), *appeal denied*, 77 A.3d 636 (Pa. 2013).  As reflected in n.6, *infra*, we also affirmed the dismissal of Hassan Hatcher's PCRA petition filed in 2014.  *See Commonwealth v. Hassan Hatcher*, 2018 WL 4870803 (Pa. Super., October 9, 2018), *appeal denied*, 205 A.3d 1234 (Pa. 2019).

[2] Our decision provides a detailed recitation of the facts of the case.

accused in a crime bearing on the linchpin issue of (shooter's identity) of guilt where actions of detectives are material in view of the record (favorable to justice)[.]" *Id.* at 9.

On May 24, 2016, the Commonwealth filed a motion to dismiss. Following a *Grazier*[3] hearing conducted on July 5, 2016, the court permitted Appellant to proceed *pro se*. On July 13, 2016, Appellant filed a *pro se* amended petition and a memorandum of law in support. On September 2, 2016, the court heard argument on Appellant's petition and issued a Rule 907 notice of intent to dismiss. Appellant did not file a response and the PCRA court dismissed the petition on October 28, 2016. Appellant filed an appeal to this Court. On May 12, 2017, Appellant filed a second PCRA petition that was dismissed on June 16, 2017 for lack of jurisdiction due to the pending appeal. On August 3, 2018, we affirmed the dismissal of Appellant's first PCRA petition. *See Commonwealth v. Jamal Hatcher*, 2018 WL 3688451 (Pa. Super., August 3, 2018).

On September 12, 2018, Appellant filed his third petition, which is the subject of this appeal. By order entered May 31, 2019, the PCRA court dismissed the petition on its merits. This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P 1925.

Appellant asks us to consider two issues in this appeal:

---

[3] *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998).

1a. Did the PCRA court commit error of law by denying a new trial where the new evidence from Maisie Suarez substantiate (*sic*) that the Commonwealth knowingly violated Appellant's due process rights when they presented false testimony that went uncorrected, suppressed exculpatory and impeaching evidence, and fabricated incriminating evidence which affected the truth seeking process and the jury's verdict under **Mooney** and **Brady**?

1b. Did the PCRA court commit error of law in denying a new trial by finding that the other properly admitted evidence which was conflicting, disputed, and contradicted was overwhelming evidence of guilt where according to **Commonwealth v. Story** and **Larosa**, evidence cannot be considered overwhelming unless it is uncontradicted or undisputed?

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error." **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007) (citations omitted).

We begin by addressing the timeliness of Appellant's petition, recognizing that the PCRA's timeliness requirements are jurisdictional in nature, and that a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). As our Supreme Court observed in **Spotz**, "The statutory time bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits." **Id.** (quotations omitted). Further, this Court has determined that parties may not stipulate to a court's jurisdiction in disregard of statutory procedures. **Commonwealth v. DeFelice**, 375 A.2d 360, 363 (Pa. Super. 1977); **see**

*also Northbrook Life Ins. Co. v. Commonwealth*, 949 A.2d 333, 336 (Pa. 2008) ("parties cannot stipulate to matters affecting the jurisdiction, business, or convenience of the courts").

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final."  42 Pa.C.S.A. § 9545(b)(1).  The one-year time limitation, however, can be overcome if a petitioner (1) alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA, and (2) files a petition raising this exception within sixty days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[4]

Again, this Court affirmed Appellant's judgment of sentence on June 5, 2013.  Appellant did not seek allowance of appeal.  Therefore, Appellant's judgment of sentence was final on July 5, 2013, when his time to seek allowance of appeal expired.  *See* Pa.R.A.P. 1113.  Consequently, Appellant had until June 5, 2014 to file a PCRA petition.  The instant petition filed on September 12, 2018 is facially untimely.  Unless Appellant has alleged and proven an exception to the PCRA's time bar, neither this Court nor the PCRA court can exercise jurisdiction over his claims.

---

[4] We note Section 9545(b)(2) was amended, effective December 24, 2018, to enlarge the deadline from sixty days to one year.  Appellant's petition and the claims raised therein predate the amendment.  Appellant filed his third PCRA petition within sixty days of the date this Court affirmed dismissal of his first petition.

In the instant case, Appellant invokes the newly-discovered facts exception set forth in 42 Pa.C.S.A. § 9545(b)(1)(ii). In accordance with that subsection, a petitioner must allege and prove that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

In his petition, Appellant asserted that an affidavit obtained from Suarez on January 18, 2017 constituted newly-discovered facts and, as such, constituted an exception to the PCRA's time bar. Appellant recognized the petitioner bears the burden of overcoming the PCRA's time bar based on newly-discovered facts. Appellant's Third PCRA Petition, 9/12/18, at 4. Appellant acknowledged that he must allege and prove in his petition that "1) the facts upon which the claim was predicated were unknown; and 2) could not have been ascertained by the exercise of due diligence." *Id.* (citing *Commonwealth v. Bennett*, 930 A.2d 1264 (Pa. 2007)). He stated he was not aware of allegedly falsified testimony presented at trial and remained unaware until his private investigator obtained an affidavit from Suarez in January of 2017, nearly six years after his trial. He contended reasonable investigation would not have revealed the Commonwealth's misdeeds because "the Commonwealth has maintained on appeal that the police did not engage in any misconduct." *Id.* at 6. He claimed that obtaining the Suarez affidavit in January of 2017 "establishes [he] did not know of the information at trial and could not have discovered it with reasonable diligence where he learned

- 6 -

of it [six] years after trial." *Id.* at 7. However, his petition is silent as to why he allegedly could not obtain the information earlier or what efforts, if any, he made in the exercise of due diligence to obtain an affidavit from Suarez.

Importantly, and as reflected above, Appellant raised the issue of fabricated trial evidence in his amended first PCRA petition. In his September 16, 2014 petition, he mentioned Suarez by name and represented that her testimony would "establish unequivocal exculpatory statements were manipulated by detectives and what they put forth . . . at trial was fabricated false evidence." *Pro Se* Amended First PCRA Petition, 9/16/14, at 7. Further, in a subsequent amended petition filed after his *Grazier* hearing, Appellant contended the "[p]rosecutor knew or should have known of police officers fabrication and forwarding false evidence to obtain a tainted conviction." Amended *Pro Se* PCRA Petition, 7/13/16, at ¶ 13A. In his memorandum of law in support of his petition, he again made specific reference to Suarez, contending Suarez was influenced by a detective to give false evidence of her observations at the crime scene and asserted it was obvious the officers fabricated evidence. Memorandum of Law, 7/13/16, at 12-13, 18. These assertions regarding Suarez and her testimony predated her affidavit and refute his contention that he was unaware of the facts and unable to ascertain them with due diligence.

On appeal from the denial of his first petition, Appellant contended the PCRA court erred when it denied relief "in light of newly-discovered evidence

substantiating that the Commonwealth violated Appellant's due process rights by presenting false testimony and fabricated evidence at trial." ***Commonwealth v. Jamal Hatcher***, 2018 WL 3688451, at *1 (Pa. Super., August 3, 2018). We determined the issue was waived because "his claim could have been raised on direct appeal, but was not." ***Id.*** at 2. Nevertheless, Appellant raised a similar claim in his third PCRA petition, framing it as an exception under Section 9545(b)(1)(ii), contending he discovered the facts regarding fabricated evidence only after his private investigator interviewed Suarez in January of 2017.

In ***Commonwealth v. Priovolos***, 746 A.2d 621 (Pa. Super. 2000), the appellant hired a private investigator whose efforts to unearth exculpatory evidence yielded a number of statements from potential witnesses. Appellant attached those statements to his untimely second PCRA petition. On appeal from the dismissal of that petition, we recognized that neither the parties nor the PCRA court analyzed the timeliness of the petition. Because the timeliness implicated the Court's jurisdiction, we considered the matter *sua sponte*. ***Id.*** at 625 (citing ***Commonwealth v. Yarris***, 731 A.2d 581, 587 (Pa. 2000)).

Based on a review of the appellant's petition, the Court determined there were no claims implicating either the governmental interference, 42 Pa.C.S.A.§ 9545(b)(1)(i), or the newly-recognized constitutional right exception to the PCRA's time bar, 42 Pa.C.S.A. § 9545(b)(1)(iii). ***Id.*** As for the newly-discovered facts exception of Section 9545(b)(1)(ii), the Court

recognized that the appellant "makes no attempt to explain why the information contained in the[] statements could not, with the exercise of due diligence, have been obtained much earlier." *Id.* (quoting *Yarris*, 731 A.2d at 590). Therefore, the appellant failed to carry his burden of proving any of the three exceptions under Section 9545(b)(1) and his petition was time-barred.

Similarly, Appellant in the instant case does not allege or prove a timeliness exception based on governmental interference or a newly-recognized constitutional right. More importantly, although he claims newly-discovered facts, he has not even attempted to explain why the information contained in the Suarez affidavit could not, with the exercise of due diligence, have been obtained much earlier. Unlike the potential witnesses uncovered by the investigator in *Priovolos*, Suarez testified at Appellant's trial and was clearly known to Appellant. Moreover, in his amended *pro se* first PCRA petitions, Appellant represented, "subject to the penalties provided by 18 Pa.C.S. § 4904 (unsworn falsification to authorities)," that Suarez would testify that statements were falsified and detectives fabricated false evidence. *Pro Se* Amended First PCRA Petition, 9/16/14, at 7. Appellant did not explain in his third PCRA petition how or why his investigator happened to interview Suarez six years after the trial, why he could not obtain a statement earlier, or in what respect information provided in that statement was different from the assertions made regarding Suarez in the amended first petition filed in

September 2014 or in the subsequent amendment filed in July 2016. Instead, he simply stated his investigator obtained the statement. In his estimation, that is sufficient to satisfy the newly-discovered facts exception. However, Section 9545(b)(1)(ii) requires that he prove that the facts were unknown to him **and** could not have been ascertained by the exercise of due diligence. Appellant has not satisfied either requirement. Therefore, his petition is time-barred and the PCRA court lacked jurisdiction to consider the merits of Appellant's claims.

For reasons not discernible from the record, neither the PCRA court nor the Commonwealth questioned the PCRA court's jurisdiction to entertain this facially untimely petition. For example, during a hearing on May 2, 2019, the following exchange took place:

> ***Pro Se* Appellant:** May it please the court and the Commonwealth, in the preliminary matter to avoid way of background (*sic*), can we stipulate for the record that this third PCRA petition overcomes the time bar of 9545(b)(1)[(ii)] because the Commonwealth concedes that the new discovered evidence (*sic*) satisfies the subsection of 9545(b)(1)[(ii)].
>
> **PCRA Court:** I will hear your argument on the merit.

Notes of Testimony, 5/2/19, at 4. Further, in its brief filed with this Court, the Commonwealth indicates, in its Counter-Statement of the Case, that "[t]he parties acknowledged below that the PCRA court could review [Appellant's] claims pursuant to the newly-discovered fact exception to the PCRA's time-bar." Commonwealth Brief at 2.

In its Rule 1925(a) opinion, the PCRA court stated that "[a] petitioner is entitled to file all PCRA petitions, including second and subsequent petitions within one (1) year from the date his judgment of sentence becomes final." PCRA Court Opinion, 8/12/19, at 8. The court then explained the criteria for obtaining relief based on "after-discovered evidence." *Id.* at 8-9. The court proceeded to analyze the merits of Appellant's claims under Section 9543(a)(2)(vi)[5] and explained the petitioner bears the burden of proving that

> the allegedly new evidence: (1) has been discovered after the trial and could not have been obtained at or prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative: (3) will not be used solely to impeach the credibility of a witness; and (4) is of such a nature and character that a different verdict will likely result if a new trial is granted.

*Id.* at 8-9 (citing ***Commonwealth v. Rudolph***, 873 A.2d 1277, 1283 (Pa. 2005)).

Although the PCRA court addressed the standard for granting a new trial based on newly-discovered evidence, the court did not explore—or even address—the timeliness of Appellant's petition under Section 9545(b)(1) and whether the court had jurisdiction over the facially untimely petition. Instead, under the framework of Section 9543(a)(2)(vi), the court analyzed whether

---

[5] To be eligible for relief under Section 9543(a)(2)(vi), the petitioner must prove that his conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi).

the evidence would solely impeach the credibility of the witness and whether a different verdict would likely result. After comparing Suarez's trial testimony with her statement, the court concluded:

> While the account in Ms. Suarez's affidavit differed slightly from her trial testimony, none of the discrepancies dispute her testimony that [Appellant] was a shooter at the scene. Further, the victim identified [Appellant] as the person who fired the first gunshot that missed him. In addition, there are still photographs from the ATM machine which clearly show [Appellant's] brother at the scene and offer a view of [Appellant] as he chased, wounded the victim, and fled back to his brother's car. Despite the minor discrepancies between Ms. Suarez's affidavit and her testimony at trial, the remaining evidence is so overwhelming as to [Appellant's] guilt that the discrepancies are essentially irrelevant. Thus Suarez's affidavit would not warrant PCRA relief because it would only serve to impeach Ms. Suarez's trial testimony, not to compel a different result.

PCRA Court Opinion, 8/12/19, at 10-11 (citations to trial transcripts omitted).

Nowhere in the PCRA court's opinion does that court address whether Appellant has alleged and proven an exception to the PCRA's time bar. Again, absent allegation and proof of an exception, the court lacks jurisdiction over an untimely petition, **Spotz, supra**, and the parties are not at liberty to stipulate to the court's jurisdiction over an untimely petition. **See DeFelice** and **Northbrook Life Ins., supra**.[6]

---

[6] Although we cannot ascertain the basis for the PCRA court's failure to address the timeliness of the petition, we note that Appellant encouraged the Commonwealth to concede the petition satisfied the PCRA's timeliness requirements "where this court has previously found the new evidence proffered in **Commonwealth v. Hassan Hatcher** satisfied the requirements of the Act." Appellant's Motion for PCRA Hearing to Be Held by Video, 3/13/19,

Because our standard of review "is whether the findings of the PCRA court are supported by the record and free of legal error," we are constrained to find that the PCRA court erred in assuming jurisdiction over the petition and considering its merits because Appellant failed to prove the newly-discovered facts exception to the PCRA's time bar. However, cognizant of the fact we can affirm the PCRA court's ruling on any basis supported by the record, **see Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012), and in light of the fact we lack jurisdiction to consider the merits of an untimely petition, we affirm the May 31, 2019 order dismissing Appellant's third PCRA petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/24/19

---

at ¶ 6. However, Appellant fails—and perhaps the Commonwealth and the PCRA court failed as well—to appreciate that the Suarez affidavit was offered as "newly-discovered evidence" in a supplement to his brother Hassan's timely **first** PCRA petition, whereas Appellant attempted to offer the affidavit as newly-discovered evidence in support of his facially untimely **third** PCRA petition. While Hassan Hatcher's petition was ultimately dismissed on its merits, and this Court affirmed that dismissal, Hassan Hatcher was not required to plead and prove an exception under Section 9545(b). **See Commonwealth v. Hassan Hatcher**, 2018 WL 4870803 (Pa. Super., October 9, 2018), *appeal denied*, 205 A.3d 1234 (Pa. 2019).